UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA BELL TELEPHONE COMPANY, INCORPORATED d/b/a AT&T INDIANA | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:10-cv-0532-TWP-MJD |
| v. | ) ) | |
| COMMUNICATIONS VENTURE CORPORATION d/b/a INDIGITAL TELECOM, DAVID LOTT HARDY, Chairman, JAMES D. ATTERHOLT, LARRY S. LANDIS and DAVID E. ZIEGNER, Commissioners, in their official capacities as Commissioners of the Indiana Utility Regulatory Commission and not as individuals, INDIANA WIRELESS ENHANCED 9-1-1 ADVISORY BOARD, BENTON COUNTY, INDIANA, CARROLL COUNTY, INDIANA, and INTRADO COMMUNICATIONS INC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS OR STAY PROCEEDINGS IN FAVOR OF PARALLEL STATE COURT ACTION

This matter is before the Court on Defendants', Communications Venture Corporation d/b/a INdigital telecom ("INdigital"), David Lott Hardy, Chairman, James D. Atterholt, Larry S. Landis, and David E. Ziegner, Commissioners, in their official capacities as Commissioners of the Indiana Utility Regulatory Commission and not as individuals, Indiana Wireless Enhanced 9-1-1 Advisory Board, Benton County, Indiana, and Carroll County, Indiana (collectively, "Defendants"), Motion to Dismiss or Stay Plaintiff, Indiana Bell Telephone Company Inc. d/b/a

1

AT&T Indiana's ("AT&T") complaint in favor of a parallel state court action. Defendants' Motion to Dismiss or Stay Proceedings [Dkt. 16] is **DENIED**.

## I. FACTUAL BACKGROUND

The underlying proceeding before the Indiana Utility Regulatory Commission ("the IURC") involved a complaint by INdigital and others in which INdigital sought to interconnect the Indiana Wireless Direct Network ("Network") with telecommunications equipment known as "ANI/ALI controllers" provided by AT&T Indiana under contract to county Public Safety Answering Points (PSAPs).

Following nearly two years of proceedings, AT&T was ordered by the IURC to permit INdigital to make a certain physical connection between INdigital's telephone system and AT&T's telephone system. Following entry of the IURC's Final Order on February 10, 2010, AT&T filed a Notice of Appeal to the Indiana Court of Appeals on March 12, 2010. One month later, on April 12, 2010, AT&T filed its Appellant's Case Summary with the Court of Appeals. The federal court action herein was filed by the Plaintiff on April 28, 2010. On July 2, 2010, ten days before its appellate brief was due to the Court of Appeals, AT&T's Motion to stay the proceedings was granted. As of today's date, the State Court appeal remains stayed.

Additional facts will be added as needed.

## II. DISCUSSION

### A. Basis for Exclusive Jurisdiction

AT&T argues that in addition to general and supplemental jurisdiction, this Court is vested with exclusive jurisdiction over this claim. As support of exclusive jurisdiction, AT&T points to 47 U.S.C. § 252(e) (6) of the Telecommunications Act of 1996 ("the Act"). In relevant part, Section 252(e)(6) has been interpreted to provide that the federal court has exclusive jurisdiction to review state commission determinations. Specifically stating: "[i]n any case

2

where a State commission makes a determination under this section, a party aggrieved by such determination may bring an action in an appropriate federal court…." 47 U.S.C. § 252(e) (6). Defendants contend that although an action pursuant to Sections 251 or 252 of the Act would grant exclusive jurisdiction, it is not appropriate here because the IURC took no action relating to an interconnection agreement. Instead, Defendants characterize the IURC's Order as interpreting and applying Indiana law and only considering federal law in the limited sense to ensure no inconsistencies. Plaintiff argues that while the complaint before the IURC was largely based upon provisions of a 1913 Indiana law, the IURC Order was based on the Commission's view that INdigital's requested interconnection was governed by provisions of the Federal Telecommunications Act, 47 U.S.C. § 152, *et seq.* After reviewing the IURC's Order, the Court agrees with the Defendants that the district court does not have exclusive jurisdiction to review the IURC's 43499 Order.

The purpose of the 1996 Telecom Act was the promotion of competition and the reduction of regulation in the telecommunications industry, in order to secure lower prices and higher quality services for American telecommunications consumers and to encourage the rapid deployment of new telecommunications technology. *Telecommunications Act of 1996, Pub. L. No. 104-104, purpose statement; 110 Stat. 56 (1996).* The Seventh Circuit has further articulated the purpose of the Act: "[T]he Act essentially requires incumbent local exchange carriers ("ILECs") to share their networks with competitors…. [A]nd requires ILECs to allow new entrants to interconnect with existing local networks, to lease elements of existing local networks at reasonable rates, and to purchase the ILECs' services at wholesale rates and resell those services to retail customers." *MCI Telecommunications Corp. v. Illinois Bell Telephone Co.*, 222 F.3d 323, 328 (7th Cir. 2000); *See* 47 U.S.C. § 251 (Supp. II 1996).

Section 253(b) of the Act, however, contains a broad exception which provides that nothing in *§ 253* "shall affect the ability of a State to impose, on a competitively neutral basis...requirements necessary to preserve and advance universal service, protect the public safety and welfare, ensure the continued quality of telecommunications services, and safeguard the rights of consumers." *MCI Telecommunications Corp. v. Public Service Com'n of Utah*, 216 F.3d 929, 339 (10th Cir. 2000). Thus, state commissions may continue to regulate telecommunications in the public interest, as long as such regulations are competitively neutral. *Id*. The Act also recognizes and specifically preserves state authority to continue to regulate locally, as long as the regulations promote, and do not conflict with, the stated goals and requirements of the Act on its face or as interpreted by the Federal Communications Commission: "Nothing in this part precludes a State from imposing requirements on a telecommunications carrier for intrastate services that are necessary to further competition in the provision of telephone exchange service or exchange access, as long as the State's requirements are not inconsistent with this part or the Commission's regulations to implement this part." 47 U.S.C. § 261(c); *Indiana Bell Tel. Co., Inc. v. McCarty*, 362 F.3d 378, 392 (7th Cir. 2004).

Here, the IURC acknowledged there was concurrent jurisdiction under the Act, but cited to Sections 253(b) and 261(c) of the Act as support for its state regulation through state laws, so long as the regulation is not inconsistent with the Act. The Court finds that the Order and subsequent action was based primarily in state law and is not persuaded that it constituted a determination under the Act. However, the Court need not delve into the intricacies of exclusive jurisdiction because the Court does not find the exceptional circumstance necessary to abstain from jurisdiction according to the Colorado River doctrine.

    **B.**    **Concurrent Jurisdiction**

As the Seventh Circuit articulated in *Tyrer v. City of South Beloit, Ill*., 456 F.3d 744 (7th Cir. 2006), in *Colorado River* the Supreme Court emphasized the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," and that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule: The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Tryer,* 456 F. 3d at 751; *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 813, 817, 819. The "clearest of justifications" must be present for a federal court to stay a proceeding pending completion of a state action. *Tryer,* 456 F. 3d at 751; *Colorado River*, 424 U.S. at 819.

To determine whether a stay is appropriate under the *Colorado River* doctrine, the district court must undertake a two-part inquiry. First, the court must determine whether "the concurrent state and federal actions are actually parallel. Then, once it is established that the suits are parallel, the court must consider a number of non-exclusive factors that might demonstrate the existence of 'exceptional circumstances.'" *Id*.; *Clark v. Lacy,* 376 F.3d 682, 685 (7th Cir.2004) (internal quotation marks and citations omitted).

1. Parallel State Action

Plaintiff seeks review of the following alleged errors. In Count I of their Complaint, Plaintiff asserts that the IURC erred in determining that the ANI/ALI controllers were within AT&T's network. In Count II, Plaintiff asserts that if governed by TA 96, the IURC erred by ignoring the detailed negotiation and dispute resolution procedures required by Sections 251 and 252. In Count III, Plaintiff asserts that the ANI/ALI are controller's customer premises equipment or terminal equipment and the IURC erred in exercising jurisdiction over them. In Count IV, Plaintiff asserts that the IURC erred in determining that the ANI/ALI controllers were

part of AT&T Indiana's telephone system as used in Indiana Code §8-1-2-5. AT&T does not dispute that the parties and issues in the two proceedings as identified, are substantially the same. Therefore, the Court will move to step two of the analysis.

2. Exceptional Circumstances

As previously stated the requirement of a parallel action is only step one of the requisite analysis. The Court must next look to whether exceptional circumstances existed. The Seventh Circuit considers the following non-exhaustive list of factors when determining whether to abstain from exercising jurisdiction:

1) whether the state has assumed jurisdiction over property;
2) the inconvenience of the federal forum;
3) the desirability of avoiding piecemeal litigation;
4) the order in which jurisdiction was obtained by the concurrent forums;
5) the source of governing law, state or federal;
6) the adequacy of state-court action to protect the federal plaintiff's rights;
7) the relative progress of state and federal proceedings;
8) the presence or absence of concurrent jurisdiction;
9) the availability of removal; and
10) the vexatious or contrived nature of the federal claim.

*Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 701 (7th Cir. 1992) (internal quotation marks omitted). Here, the Court will view each consideration in turn. The Court is able to quickly address several considerations at the outset.

Both the first and second considerations have no significant bearing on this case. The state has not assumed jurisdiction over any property of AT&T and there is no basis to find the federal forum inconvenient as both the Indiana Court of Appeals and this court sit in Indianapolis. The ninth consideration, removal, is not available in this case. As for the third consideration, "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Tyrer*, 456 F.3d at 755 (quoting *LaDuke v. Burlington N. R. Co.,* 879 F.2d 1556, 1560 (7th Cir. 1989)) (internal

6

quotation marks omitted). Here, if Plaintiff pursues both the federal and state actions, substantially similar issues will be litigated simultaneously in different forums. However, the pending state action has been stayed until the pending motion with this Court is resolved so piecemeal litigation is not currently an issue. Regarding the fourth and seventh considerations, the action before the Court of Appeals was filed first, but this provides negligible weight considering the infancy of the state action. As the court has noted, the state proceedings have been stayed since July 2, 2010. And as conceded to by Plaintiff, the sixth consideration, adequacy of state-court action to protect the federal plaintiff's rights, is not at issue and thus weighs in favor of abstention.

The last three factors are less straightforward. The Court will address the fifth, eight, and tenth considerations in turn. The fifth consideration for the Court is the source of the governing law. The Plaintiff presents an expansive reading of the excerpted portions of the Order, which the Court finds unpersuasive. Here, as evidenced by language and authority utilized in the IURC's Order, the primary law considered and applied was that of Indiana. This factor leans in favor of abstention. Regarding the eighth consideration, there is not a lack of jurisdiction. As Plaintiff points out in its brief, Defendants do not claim that this Court lacks subject matter jurisdiction over AT&T's claim. The Court is not persuaded by Plaintiff's overreaching characterization of the issue; however, as also acknowledged by the IURC; the Order must comply with the Act and in turn puts a federal question at issue. This factor is favorable to the Court exercising its jurisdiction.

Finally, the Court will address the tenth consideration – whether the nature of the federal claim is vexatious or contrived. The Court finds that it is not. Although Plaintiff undervalues the state law analysis, their federal claims are not as Defendants contend "*contrived in order to complicate the State Appeal*." Ultimately, taken together, the Court finds that these

7

considerations do not rise to the level necessary to warrant the 'extraordinary and narrow exception' of abstention.

III. **CONCLUSION**

For the aforementioned reasons, Defendants' Motion to Dismiss or Stay [Dkt. 16], is **DENIED**.

SO ORDERED.

Date: 03/25/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

William J. Champion, III
DICKINSON WRIGHT PLLC
wchampion@dickinsonwright.com

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON
mschultz@parrlaw.com

Bath Krogel Roads
INDIANA UTILITY REGULATORY COMMISSION
bkroads@urc.in.gov

David L. Steiner
INDIANA OFFICE OF THE ATTORNEY GENERAL
dsteiner@atg.state.in.us

Clayton C. Miller
BAMBERGER FOREMAN OSWALD & HAHN
cmiller@bamberger.com